THE ATTORNEY GENERAL
OF TEXAS



WILL WILSON
ATTORNEY GENERAL

February 8, 1957

Hon. Robert S. Calvert            Opinion No. WW-21
Comptroller of Public Accounts
Capitol Station                   Re:  Whether theatre is required
Austin, Texas                          to pay additional tax under
                                       Subdivision 22a of Article
                                       7047, Vernon's Civil Statutes,
                                       as a result of the area in
                                       which the theatre is located
                                       being annexed to the city of
                                       Houston subsequent to pay-
                                       ment of the annual tax at
Dear Mr. Calvert:                      the beginning of the year.

        Your letter requests an interpretation of Article 7047,
Subdivision 22a, Vernon's Civil Statutes, as applied to the following
fact situation:

        A theatre located outside the city limits of Houston on
January 1st, 1957, paid the 1957 occupation tax levied by the afore-
said statute.  On January 7, 1957, the city of Houston annexed the
area including the theatre location.

        Article 7047 provides: "There shall be levied. . . an
annual occupation tax, which shall be paid annually in advance except
when herein otherwise provided. . . as follows: . . .".

        Subdivision 22a provides for a graduated tax on theatres
ranging from Five Dollars to Seventy-five Dollars annually, depend-
ing upon the population of the city, town or village wherein they are
located.

        Your inquiry deals with whether the theatre in question
may operate for the remainder of the year based upon its payment
of the lower small town rate.

        We think your question is answered in the language of
the statute providing that the tax is payable "annually in advance".
Although the Statute is not specific on the subject, we understand
that your Department has for many years uniformly construed the
statute to mean that the year involved is the calendar year.  That
being true, the tax accrues at the beginning of the year and is
based upon the status of the theatre at that time.  No further tax,
regardless of changes during the year, would accrue until the next
tax due date at the beginning of the following year.  The Statute

contains no authorization, express or implied, for the levying of an additional tax later in the year due to changing conditions.

In Opinion No. 0-3009 this Department considered a contention that the occupation tax levied by Article 7047A-2 et seq. on coin operated machines be construed as a quarterly tax. This would have given relief to marble table operators who contended that they were being forced to pay a year's tax on a machine that would not last over three months. This opinion held that the tax was an annual, not a quarterly, tax, payable in advance. The effect of the holding was that an event occuring during the year, such as wearing out of the machines, would not alter the amount of the tax due for the year. We believe that our holding in the present opinion, that the amount of tax due at the beginning of the year will not be altered by the subsequent annexation proceedings, is in harmony with the holding in Opinion No. 0-3009.

## SUMMARY

Article 7047, Subdivision 22a, Vernon's Civil Statutes, levies an occupation tax on theatres payable annually in advance. The tax is graduated, depending upon the size of the city, town or village, in which the theatre is located. A theatre located in an area adjacent to the city of Houston, paying the tax on January 1, 1957, may operate for the entire year under the tax rate applicable on the date aforesaid, despite the subsequent annexation of the area in question to said city on January 7, 1957, resulting in a higher population bracket.

Yours very truly,

WILL WILSON
Attorney General

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

JAS:cs